UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NORTHRICH COMPANY,** | ) CASE NO. 1:13CV1161 |
|  ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **GROUP TRANSPORTATION** ) | |
| **SERVICES, INC., et al.,** ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #42) of Defendant, FedEx Freight, Inc. ("FedEx"), for Summary Judgment on Plaintiff's Complaint; Motion (ECF DKT #43) of Defendant, Group Transportation Services, Inc. ("GTS"), for Summary Judgment on Plaintiff's Complaint and on GTS's Cross-Claim against FedEx; Motion (ECF DKT #44) for Summary Judgment of FedEx on GTS's Cross-Claim; and Motion (ECF DKT #45) of Plaintiff, Northrich Company, for Summary Judgment.  For the following reasons, FedEx's Motion (ECF DKT #42) for Summary Judgment and GTS's Motion (ECF DKT #43) for Summary Judgment on Plaintiff's Complaint are granted.  Plaintiff Northrich's Motion (#45) for Summary Judgment is denied; and the Motions of FedEx (ECF DKT #44) and GTS for Summary Judgment on their mutual Cross-Claims are denied as moot.

**I. FACTUAL BACKGROUND**

On October 18, 2013, Plaintiff filed its First Amended Complaint (ECF DKT #20) against FedEx and GTS for violation of the Carmack Amendment to the Interstate Commerce Act, which imposes liability on carriers for "actual loss or injury" to goods damaged in

interstate transport.  *See* 49 U.S.C. § 14706(a)(1) (2008).  Plaintiff is a manufacturers' representative of high-quality commercial HVAC products.  (ECF DKT #45-1, Affidavit of Robert Evans, President of Northrich Company).

On December 4, 2012, Plaintiff obtained a quote from GTS to arrange for the shipment of three heat exchangers ("coils") from one of its vendors, Mestek, Inc., located in Dallas, Texas, to Oberlin College in Lorain County, Ohio.  GTS contracted with FedEx to transport the goods from Texas to Ohio.  Crane Ohio (a non-party) was hired to lift the "coils" in place at the job site.  Robert Evans viewed the "coils" and the crates at the Crane Ohio premises and "determined that 2 of the 3 skids/pallets were damaged as well as the "coils" placed on the skids/pallets and were not fit for the purpose intended by the ultimate customer."  (ECF DKT #45-1, ¶11).  Plaintiff was required to replace the two damaged "coils;" and Plaintiff paid Mestek $20,616.67 for the replacement "coils" and paid GTS $2,195.00 for dock-to-dock shipment.  (*Id*. at ¶¶ 13-15).  Plaintiff alleges that FedEx and GTS are liable, as motor carriers, for Plaintiff's actual damages, together with interest on such amounts from the date that the damaged goods were to be delivered.  (ECF DKT #20, ¶13).

Plaintiff asserts that it has demonstrated a prima facie claim pursuant to the Carmack Amendment to the Interstate Commerce Act, and is entitled to summary judgment as a matter of law against FedEx and GTS.  FedEx moves for judgment in its favor, arguing that Plaintiff lacks standing to sue under the Carmack Amendment; that Plaintiff has not met its prima facie burden for liability under the Carmack Amendment, and that FedEx's liability is contractually limited.  GTS moves for judgment in its favor on the basis that, as a broker and not a carrier, it cannot be liable under the Carmack Amendment.  GTS also moves for judgment on its

Cross-Claim against FedEx for indemnification.

## II. LAW AND ANALYSIS

### Civil Rule 56 Standard

A summary judgment should be granted if the pleadings, depositions, documents, electronically stored information, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a) and (c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347. This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir.1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is

appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**The Carmack Amendment**

49 U.S.C. § 14706 recites in pertinent part:

(a) General liability –

(1) Motor carriers and freight forwarders. –A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part.  That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading.  The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702.  Failure to issue a receipt or bill of lading does not affect the liability of a carrier. ...

In other words, the Carmack Amendment makes common carriers liable "for any loss, damage or injury" caused by such carriers to property received by them for transportation. *Plough, Inc. v. Mason and Dixon Lines*, 630 F.2d 468, 470 (6th Cir.1980).  "(T)he statute codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; or (e) the inherent vice or nature of the goods.'" *Id.*, quoting *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964).

For purposes of the statute, a "motor carrier" is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A "broker" is "a person, *other than a motor carrier or an employee or agent of a motor carrier*, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). (Emphasis added).

To establish a prima facie case for carrier liability for loss under the Carmack Amendment, a plaintiff must show, by a preponderance of the evidence, that (1) the goods were received by the carrier in good condition, (2) the goods arrived at their destination in a damaged condition, and (3) a specified amount of damages resulted. *Plough*, 630 F.2d at 470; *Elmore & Stahl*, 377 U.S. at 138. "Once the plaintiff has established its prima facie case, the burden shifts to the carrier defendant to prove that (1) it was free from negligence and (2) that the damaged cargo was not (sic) a result of one of the five exceptions listed in *Elmore & Stahl*." *Plough*, 630 F.2d at 470-71; *Travelers Indemnity Company of Connecticut v. Central Transport, Inc*., No. 2:07-CV-14096, 2008 WL 4793403 at *5 (E.D.Mich. Nov.3, 2008).

**Group Transportation Services, Inc.**

In its Motion for Summary Judgment, GTS asserts that, as a broker, it cannot be liable under the Carmack Amendment; and that, in Plaintiff's contract with GTS, Plaintiff expressly waived any claim against GTS for damages in the delivery of the property. The Court finds, for those reasons, that GTS is entitled to judgment in its favor.

The Carmack Amendment imposes liability upon ***common carriers*** for damages to goods due to their unexcused negligence. Brokers are defined as persons ***other than motor***

*carriers*.  49 U.S.C. § 13102(2).

> The Affidavit (ECF DKT #43-1) of Paul Kithcart, President of GTS, recites in part:
>
> 2.  GTS is a transportation broker, duly licensed with the Federal Motor Carrier Safety Administration under FMCSA Number MC286225, ...
>
> 3.  As a broker, GTS serves as an intermediary between shippers and motor carriers in arranging for third-party transportation of property by motor carrier.
>
> 4.  GTS is not a motor carrier, does not have operating authority to act as a motor carrier, and does not hold itself out (sic) the public as a motor carrier.

Plaintiff argues that GTS is an agent of the carrier in this case, FedEx.  Plaintiff "contends that as a result of the [Transportation Agreement] between GTS and FedEx which provides for a volume discount to GTS for customers GTS referred to FedEx, GTS is in effect an agent of FedEx and by reason thereof falls with in (sic) the purview of the Carmack Amendment."  (Plaintiff's Memorandum in Opposition, ECF DKT #49 at 6).  Plaintiff does not offer that Transportation Agreement into evidence and says, in passing, that Defendants did not provide it in discovery.  Discovery is closed and Plaintiff did not seek a court order compelling the document's production.  Not only has Plaintiff failed to meet its burden of showing, with probative evidence, a genuine issue of disputed fact; but Plaintiff is prohibited, at the dispositive motion stage, from alleging a cause of action for agency or vicarious liability which is absent from its original Complaint and Amended Complaint.  *See Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir.1997); *Marzuola v. Continental Tire North America*, No. 5:05CV2339, 2006 WL 2345529 at *3 (N.D.Ohio Aug. 11, 2006).

In addition, on April 12, 2012, Plaintiff's authorized representative signed a GTS Credit Application (ECF DKT #43-3).  By executing the Application, Plaintiff designated GTS "as a provider of third-party freight transportation services."  *Id*.  Further, a provision,

typed in bold and in all caps, recites in part:

> **THE COMPANY [NORTHRICH] FURTHER AGREES THAT GTS WILL NOT BE LIABLE TO THE COMPANY FOR ANY DAMAGES OF WHATEVER NATURE, INCLUDING BUT NOT LIMITED TO, CONSEQUENTIAL, SPECIAL OR PUNITIVE, WITH RESPECT TO GTS CARRYING OUT ITS OBLIGATIONS AND DUTIES AS SPECIFIED HEREIN AND/OR ANY OTHER MATTER RELATING THERETO.  THE COMPANY AGREES TO LOOK TO THE FREIGHT CARRIER FOR DAMAGES IF THE COMPANY OR ITS VENDORS WERE TO SUFFER ANY DAMAGES IN THE DELIVERY OF ANY OF ITS PROPERTY.**

Thus, Plaintiff expressly waived any claim against GTS for damages to the heat exchangers ("coils") transported by FedEx from Texas to Oberlin College in Ohio.

Therefore, the Motion (ECF DKT #43) of Defendant, Group Transportation Services, Inc. ("GTS"), for Summary Judgment is granted.

**FedEx Freight, Inc.**

In its Motion for Summary Judgment, FedEx contends that Plaintiff lacks standing to bring an action under the Carmack Amendment; that Plaintiff has failed to meet its burden of proof to establish its prima facie case; and that, in any event, FedEx's liability is contractually limited.

Pursuant to 49 U.S.C. § 14706(a)(1), a carrier's liability extends to "the person entitled to recover under the receipt or bill of lading."  Plaintiff repeatedly states that it never

saw the Shippers Domestic Bill of Lading, which, in itself, militates against Plaintiff's right to recover under the Carmack Amendment. (*See, e.g.*, ECF DKT #47 at 4). Nonetheless, Plaintiff attaches the Shippers Domestic Bill of Lading to its Motion for Summary Judgment (ECF DKT #45-7). Upon review of that document, the Court notes that the name "Northrich Company" does not appear anywhere.

Plaintiff refers to itself at various times as "the buyer," "the purchaser," "one with an insurable interest," and "the title holder." After consideration of the relevant authority, the Court is unable to find any decision which explains how a party that is not the shipper; that is not listed on, or a party to, the bill of lading; that did not possess the bill of lading; that did not negotiate with the carrier; and that was not the receiving party of the shipment, has standing to sue for damage to the cargo under the Carmack Amendment. (See similar analysis in *OneBeacon Ins. Co. v. Haas Industries, Inc*., 567 F.Supp.2d 1138 (N.D.California 2008)). Therefore, the Court determines that Plaintiff lacks standing to sue the carrier, FedEx, under the Carmack Amendment.

Even assuming Plaintiff has standing, the Court agrees with FedEx, and holds that Plaintiff cannot prevail because it has not satisfied its prima facie burden for carrier liability for loss under the Carmack Amendment. Specifically, Plaintiff cannot demonstrate the first element  — delivery of the goods to the carrier in good condition  — by a preponderance of the evidence.

Plaintiff directs the Court's attention to the Shippers Domestic Bill of Lading (ECF DKT #45-7) and the Shipper Certification, at the bottom of the document, attested to by an agent of Mestek, Inc., Aubrey Barlow: "This is to certify that the above named materials are

properly classified, described, packaged, marked and labeled, and in proper condition for transportation according to the applicable regulations of the DOT." Clearly, this is not a certification by Plaintiff. Moreover, the statement, in the Court's view, merely verifies the packaging condition of the goods for transporting, per Department of Transportation regulations.

Also, the form language of the Shippers Domestic Bill of Lading recites as follows:

RECEIVED, subject to the "Transportation Agreement" between GTS and the carrier in effect on the date of the shipment, the property described below, in apparent good order, except as noted (**contents and condition of contents of packages unknown**) marked, consigned, and defined as shown below. This bill of lading is not subject to any tariffs or class factors whether individually determined or filed with any Federal or State regulatory agent, except as specifically appears in writing by GTS and the carrier. (Emphasis added).

The carrier, FedEx, did not sign the Carrier Certification, acknowledging "receipt of packages order and condition;" and there is no special description or instruction regarding the three skids and heat exchangers, which would override the clear exclusion (indicated above) of any representation as to the condition of the shipment.

"While a bill of lading, on its own, may constitute some evidence that a shipment was received in good order, it is not necessarily prima facie evidence of that condition." *Travelers Indemnity*, No. 2:07-CV-14096, 2008 WL 4793403 at *5; *see American Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 929 (7th Cir.2003). "A 'statement in the bill of lading as to 'apparent good order' [, however,] is prima facie evidence ... that, as to parts which were open to inspection and visible, the goods were in good order at the point of origin.'" *Hoover Motor Express Co. v. United States*, 262 F.2d 832, 834 (6th Cir.1959).

Plaintiff presents photographs of the damaged crates at delivery, which appear to show

that there were open slats through which the heat exchangers could be observed.  (Exhibits N & O to ECF DKT #45).  Plaintiff also submits the Shippers Domestic Bill of Lading (ECF DKT #45-7) and the Affidavit of Northrich's President that, upon unloading, he observed "that 2 of the 3 skids/pallets were damaged as well as the "coils" placed on the skids/pallets and were not fit for the purpose intended by the ultimate customer Oberlin College."  (ECF DKT #45-1 at ¶11).

"Under the Carmack Amendment jurisprudence, a carrier does not have an affirmative duty to inspect goods in a sealed container."  *Travelers Indemnity*, No. 2:07-CV-14096, 2008 WL 4793403 at *6.  However, Plaintiff does bear the burden of proving all three elements of the prima facie case.  *Id.* at *7.  Plaintiff asserts that "the 'coils' were clearly visible and any damage that existed, should have been noted by the FedEx driver at the time of acceptance of the 'coils' for transportation."  This bald assertion/assumption, though, is not supported by any sworn testimony, i.e., affidavit or deposition testimony, of the FedEx driver, and discovery in this case is closed.

Plaintiff proffers the Shippers Domestic Bill of Lading, which is, at best, ambiguous evidence.  The Carrier Certification is not executed; and considered along with the clear proviso that the condition of the contents is unknown, the Court finds that this document is not a ***clean*** bill of lading, showing that the shipment was received by the carrier in good order.  Plaintiff also submits that one of the "coils" (heat exchangers) arrived at the destination undamaged.  However, this "does not provide evidence of the condition of the goods at issue at the time of deposit to Defendant; rather, the statement speaks to the condition of other goods post-delivery.  Plaintiff presents no other evidence of the [heat

-10-

exchangers'] condition at the time of tender to Defendant." *See Ohio Star Transportation LLC v. Roadway Express, Inc.*, No. 2:09-cv-00261, 2010 WL 3666982 at *3 (S.D.Ohio Sept. 14, 2010).

Plaintiff is required to provide evidence of the good condition of the heat exchangers which, when taken in the light most favorable to Plaintiff, could support a verdict by a reasonable jury in its favor.  Plaintiff has failed to meet its burden of proof.

Since the Court holds that Plaintiff lacks standing to recover against FedEx under the Carmack Amendment, and alternatively, that Plaintiff's failure to satisfy the first element of its prima facie burden is dispositive, the Court need not address FedEx's other arguments. The Motion (ECF DKT #42) of Defendant FedEx for Summary Judgment is granted.

**Remaining motions**

In light of the Court's ruling, the Motion (ECF DKT #45) of Plaintiff, Northrich Company, for Summary Judgment against Defendants Group Transportation Services, Inc. and FedEx is denied.  Furthermore, the Motions of FedEx (ECF DKT #44) and GTS for Summary Judgment on their mutual Cross-Claims are denied as moot.

**IT IS SO ORDERED.**

                                     s/ Christopher A. Boyko
                                     **CHRISTOPHER A. BOYKO**
                                     **United States District Judge**

Dated:  March 23, 2015